# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN O'BRIEN, ESQ. | : | CASE NO. 2:20-cv-2406 |
| | : | |
| Plaintiff, | : | Judge Algenon L. Marbley |
| | : | |
| v. | : | Magistrate Judge Elizabeth A. Preston Davis |
| | : | |
| TAD A. HEROLD, ESQ., et al., | : | |
| | : | |
| Defendants. | : | |

## MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE
## UNDER RULE 12(b)(6) BY DEFENDANTS
## KENT R. MARKUS, BRYAN GRIFFITH AND RUSSELL J. KUTELL

Defendants, Kent R. Markus, Esq., Bryan Griffith, Esq. and Russell J. Kutell, Esq., by and through counsel, hereby move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to enter an Order granting their Motion to Dismiss Plaintiff's Complaint in its entirety. In support of their Motion, Defendants rely on the accompanying Memorandum of Law incorporated herein.

Respectfully submitted,

*/s/ Sarah E. Abbott*
David P. Kamp (0020665)
Sarah E. Abbott (0086099)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
david.kamp@dinsmore.com
sarah.abbott@dinsmore.com

*Attorneys for Defendants,*
*Kent R. Markus, Bryan Griffith and Russell J. Kutell*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN O'BRIEN, ESQ.** | : | CASE NO. 2:20-cv-2406 |
| | : | |
| Plaintiff, | : | Judge Algenon L. Marbley |
| | : | |
| v. | : | Magistrate Judge Elizabeth A. Preston Davis |
| | : | |
| **TAD A. HEROLD, ESQ., et al.,** | : | |
| | : | |
| Defendants. | : | |

---

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

As will be demonstrated in this Memorandum, Defendants, Kent R. Markus, Esq. ("Markus"), Bryan Griffith, Esq. ("Griffith") and Russell J. Kutell, Esq. ("Kutell") (collectively "Relator's Counsel") are entitled to judgment as a matter of law at this time.

## SUMMARY OF FACTUAL ALLEGATIONS

In his complaint, plaintiff, Kevin O'Brien ("O'Brien") acknowledges that this lawsuit arises out of O'Brien's disciplinary proceeding pending before the Ohio Board of Professional Conduct (the "Board"). The disciplinary proceeding was initiated on April 3, 2018 when a debtor's attorney filed the first grievance against O'Brien, followed by five of O'Brien's former clients who each filed grievances against O'Brien alleging that he purported to represent them in collection matters after his engagement with them had been terminated. (Compl., Doc. No. 1 at PageID 5, ¶ 14, 16, 17 and Ex. E; Decl. of Sarah E. Abbott Spt. Deft's. Motion to Dismiss, July 10, 2020 ("Abbott Decl.") at ¶ 3 Ex. 1). In accordance with the rules governing lawyer discipline, the certified grievance committee of the Columbus Bar Association ("CBA") undertook a confidential investigation. That investigation produced "substantial and credible evidence of misconduct," warranting a probable cause

determination and the filing of a formal complaint against O'Brien for multiple violations of the Ohio Rules of Professional Conduct ("Grievance Matter"). (Compl., Doc. No. 1 at PageID 8, ¶ 18). Once the formal complaint was filed (May 31, 2019), the disciplinary proceeding was no longer confidential and the conduct of those proceedings was in the public record.

The Ohio Supreme Court appointed three disinterested lawyers to act as the hearing panel for the O'Brien matter – Tad A. Herold ("Herold"), Hon. D. Chris Cook ("Cook") and Hon. Adolfo A. Tornichio ("Tornichio") (collectively the "Panel"). (*Id.* at PageID 8, ¶ 19). Three members of the certified grievance committee of the CBA (Relator's Counsel) prepared the formal complaint and were responsible for presenting evidence supporting the charges against O'Brien. (*Id.* at PageID 9, ¶ 21). O'Brien, through his counsel, Jeffrey A. Catri, answered the complaint denying the allegations of misconduct. (Abbott Decl. at ¶ 4, Ex. 2).

During the discovery phase of the disciplinary proceeding, O'Brien began experiencing "medical issues" in August 2019. (Compl., Doc. No. 1 at PageID 9, ¶ 22). Nonetheless, preparation for the disciplinary hearing continued. The final hearing was set for February 5-6, 2020. On February 3, 2020, two days before the hearing, O'Brien filed a pro se "Motion for Medical Continuance." The memorandum in support of the motion stated:

> Respondent's current physical condition has swiftly and drastically worsened in the recent weeks. Respondent has been chronically ill since August, 2019, but his health has changed drastically in the last two weeks. Participation in a hearing or trial of this instant matter would be a detriment to Respondent's current condition and delay wellness. Attached is a letter from Respondent's health care professional stating his inability to attend a hearing next week, February 5-6, 2020 Exhibit 1.

(Abbott Decl. at ¶ 5, Ex. 3). Attached as Exhibit 1 to O'Brien's motion for medical continuance was a form entitled "Work Excuse Form." The form was on stationary identifying the VA facility as the "Chalmers P. Wyle VA Ambulatory Center." It indicated O'Brien had been treated at the Ambulatory Center on January 31, 2020. The form which was signed by Scott McKeon described O'Brien's medical restriction as follows:

3

> Mr. O'Brien was seen in the urgent care today for an unspecified medical condition which included symptoms of pain and bleeding. Until he is more fully evaluated by a specialist next week, and/or his symptoms are brought under better control, he will be unable to participate in proceedings involving prolonged sitting or standing, or settings not conducive to frequent bathroom breaks.

(*Id.*).

On or about February 21, 2020, Herold, as the Panel Chair, granted O'Brien's motion and set a new hearing date of May 4-6, 2020. (Compl., Doc. No. 1 at PageID 9, ¶ 24). In the Order setting the new date for the final hearing, the Panel established a protocol to be followed if O'Brien sought further continuances for medical reasons.

> Any request for a continuance of the hearing dates shall be made by written motion. If the continuance is sought based on Respondent's medical condition, the motion shall be supplemented by an affidavit from Respondent's treating physician that includes specific medical advice. In lieu of providing the affidavit, Respondent may request a telephone conference in which Respondent's treating physician will be available to participate.

(*Id.*; Abbott Decl. at ¶ 6, Ex. 4). Following the protocol outlined in the Panel's February 21 Order, O'Brien's counsel on March 30, 2020, filed a request for a telephone conference with the Panel and Relator's Counsel. (Abbott Decl. at ¶ 7, Ex. 5).

The conference call was held on April 2, 2020. (Compl. at PageID 9, ¶ 25). The Panel Chair told O'Brien, and later memorialized his instruction in an Order, that O'Brien needed to file a written motion for continuance by April 17, 2020 and include in his supporting memorandum a signed statement from his treating physician explaining:

> (1) the manner in which [his] medical condition renders [him] unable to participate in this proceeding; (2) the impact such condition has on [his] ability to practice law, and (3) the anticipated period of time during which [his] medical condition will affect both his participation in this proceeding and his ability to practice law.

(*Id.*, Doc. No. 1-2 at PageID 25).

In response to the Panel's requirement that O'Brien provide a signed statement from his treating physician addressing the three issues related to O'Brien's medical impairment, O'Brien filed a

4

Motion for Continuance on April 16, 2020 and forwarded a letter from ostensible treating physician. (*Id.* at PageID 10, ¶ 27 and Ex. 3a, Doc. No. 1-3 at PageID 26-29). The letter provided no information on the disabling nature of O'Brien's medical issue, why he couldn't participate in the final hearing, how long his infirmity would last or whether he was temporarily disabled from his law practice. Despite its cryptic, non-specific content, O'Brien provided the letter to support his motion for continuance and then, without filing a motion for protective order or motion to file the letter under seal, instructed the Panel and Relator's Counsel that the letter was not to be published. (*Id.*). O'Brien, without any authority, filed a motion to continue the final hearing on medical grounds supported only by an illusory letter that was referenced in the filed pleading. (*Id.* at PageID 10, ¶ 27; Ex. 3a, Doc. No. 1-3 and 3b, Doc. No. 1-4). O'Brien's motion did not specify a length of continuance requested, or indicate that any time in the future when he would be willing or able to participate in a hearing. (Ex. 3a, Doc. No. 1-3 at PageID 26-27).

Having received no reliable information justifying an open ended continuance of O'Brien's final hearing, Relator's Counsel opposed O'Brien's motion for continuance. (Comp., Doc No. 1 at PageID 11, ¶ 29). Since the letter was proffered by O'Brien as his sole evidence of a medical issue justifying a continuance, Relator's Counsel quoted the letter to demonstrate that O'Brien failed to comply with the Panel's March 30, 2020 Order and that O'Brien had failed to produce any meaningful medical evidence that he was too sick to participate in his disciplinary proceeding. (*Id.*).

Despite having voluntarily published details of his medical history in his first motion for a medical continuance and subsequent pleadings, O'Brien now asserts in this lawsuit that disclosure of the same but less descriptive information in Relator's Counsel's memorandum opposing the continuance of the May, 2020 hearing date, invaded his privacy and gives rise to claims under 42 U.S.C § 1983, Procedural Due Process, HIPAA and common law. O'Brien seeks declaratory and injunctive relief as well as monetary damages.

5

O'Brien's claims in this lawsuit fail as a matter of law. Assuming the facts pled in the complaint and the public record of the proceedings in *Columbus Bar Assn. v. Kevin O'Brien*, Board Case No. 2019-027, O'Brien has no legally plausible claim against Relator's Counsel, Markus, Griffith and Kutell, and O'Brien's complaint should be dismissed with prejudice.

## **ARGUMENT**

**I.   Plaintiff's Complaint Should be Dismissed Pursuant to 12(b)(6) Because Plaintiff Has Not and Cannot State a Claim for Relief**

**A.   Legal Standard for Rule 12(b)(6) Motions**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Neither formulaic recitations of legal elements nor naked assertions devoid of factual enhancement will satisfy this standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Where, as here, plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In addition to consideration of the pleadings, federal courts may also consider materials that are public records, court records, or those otherwise appropriate for taking judicial notice without converting a Fed. R. Civ. P. 12(b) motion to dismiss to a Fed. R. Civ. P. 56 motion for summary judgment. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). The certified copies of the pleadings before the Board in Case No. 2019-027, attached as Exhibits to the Declaration

of Sarah E. Abbott in Support of the Motion to Dismiss filed contemporaneously with the Motion to Dismiss, are public records and appropriate to be judicially noticed as records of another court.

Sufficiency of a complaint is a question of law. *Dugan v. Brooks*, 818 F.2d 513, 516 (6th Cir. 1987). In reviewing the sufficiency of a complaint, this Court's task is limited to determining whether plaintiff is entitled to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). O'Brien's claims against Relator's Counsel are not viable—not only is there no private right of action for an alleged HIPAA violation or an authorized/unprivileged disclosure of medical information, but Relator's Counsel have absolute immunity as a matter law. O'Brien's entitlement ends here.

**B.    Relator's Counsel are Absolutely Immune from Suit Pursuant to 42 U.S.C. §§1983 or 1985 for Monetary Damages, As a Matter of Law**

Lawsuits against individual state actors in their official capacities are synonymous with suits against the state itself. Local bar associations, as well as members of their grievance committees investigating and prosecuting alleged ethical violations, "act[ ] as arms of the Supreme Court of Ohio in performing a function for which the court and its justices are immune." *Berger v. Cuyahoga Cty. Bar Assn.*, 983 F.2d 718, 722 (6th Cir. 1993); *see also Bailey v. Columbus Bar Assn.*, 25 Fed.Appx. 225, 227, 2001 U.S. App. LEXIS 24479 (6th Cir. 2001). "Ohio's constitution vests original jurisdiction in its supreme court over 'admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law' . . . [and] thus, the proceedings are within the 'constitutionally-prescribed jurisdiction' of the Supreme Court of Ohio." *Berger*, 983 F.2d at 723. The *Berger* court stated, "Ohio disciplinary proceedings are carried out by committees which are arms of the Ohio Supreme Court. . .[with] the supreme court ultimately deciding what discipline should be given." *Id.*

In *Bailey*, the Sixth Circuit affirmed the district court's dismissal of the Plaintiff's § 1983 and § 1985 claims against the Cincinnati and Columbus Bar Associations, the investigating attorney, and the private law firm with which that investigating attorney was associated for allegedly conspiring to

7

violate his constitutional rights in the context of a grievance investigation and a subsequent disciplinary proceeding. 25 Fed.Appx. at 228. The Sixth Circuit adopted the district court's reasoning which determined dismissal of the bar association defendants was mandated by *Berger*. *Id*.; *see also Bailey v. Columbus Bar Assn.*, No. C2-01-169, slip op. at 5-6 (S.D. Ohio April 11, 2001).

Not only are Markus, Griffith and Kutell absolutely immune from liability as agents of the Ohio Supreme Court, their role as Relator's Counsel provides an additional basis for absolute immunity – prosecutorial immunity. The United States Supreme Court has held that prosecutors, when acting in their role as advocates for the state, are entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486, (1991); *see also Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Relator's Counsel, in representing the CBA in the Grievance Matter, were carrying out their prosecutorial duties as arms of the Ohio Supreme Court. As such, absolute immunity applies in this case to bar suit and any monetary liability. The Complaint should be dismissed in its entirety with prejudice.

### C. The Health Insurance Portability and Accountability Act Does Not Provide a Private Cause of Action

Protected by two absolute immunities, Relator's Counsel have no liability for O'Brien's monetary claims. Ironically, even without immunity, O'Brien would have no claim against the Relator's Counsel. There is no private right of action under HIPAA. *See, e.g., Wood v. Blyer*, 2006 U.S. Dist. LEXIS 85989 (N.D. Ohio 2006); *Siegler v. Ohio State University*, No. 2:11-cv-170, 2011 U.S. Dist. LEXIS 55389, at *20-21 (S.D. Ohio May 23, 2011); *Henry v. Ohio Victims of Crime Compensation Program*, No. 2:07-cv-0052, 2007 U.S. Dist. LEXIS 14508, at *4-5 (S.D. Ohio Feb. 28, 2007); *Dominic J. v. Wyoming Valley West High School*, 362 F.Supp.2d 560, 573 (M.D.Pa. 2005); *Brock v. Provident Am. Ins. Co.*, 144 F. Supp.2d 652, 657 (N.D. Tex. Apr. 17, 2001). While HIPAA provides both civil and criminal penalties for improperly handled or disclosed private health information, the statutory language clearly limits enforcement to actions by the Department of Health and Human Services and states' attorneys

8

general. *Cabotage v. Ohio Hosp. for Psychiatry, LLC,* No. 2:11-cv-50, 2012 U.S. Dist. LEXIS 105130, at *9 (S.D. Ohio July 27, 2012) *citing*, *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006). Since O'Brien is statutorily prevented from prosecuting a HIPAA violation claim it should be dismissed with prejudice.

      **D.**      **Plaintiff's Complaint Shows that He Has Not and Cannot State a Claim For Unauthorized/Unprivileged Disclosure of Nonpublic Medical Information to Third Parties**

In general, a person's medical records are confidential, protected by statute (HIPAA) and common law doctor patient privilege. This privacy right is protected unless disclosure of a patient's medical information is authorized or waived by the patient. *Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395, 405 (1999); *Hageman v. Southwest Gen. Health Ctr.,et al.*, 119 Ohio St.3d 185, 189 (2008). The medical record non-disclosure privilege is waived implicitly in cases involving personal injury and medical malpractice. In these cases, the patient's medical information is integral to the case. The patient waives his or her privacy right by filing a claim. *See e.g., Mieczkowski v. King*, Case No. 00-JE-35, 2001 Ohio. App. LEXIS 5142 at *11-12 (Ct. App. Nov. 9, 2011); *Vandenhaute v. Filer*, 2002-Ohio-3640 ¶ 11 (8th Dist.).

But the waiver applies more discreetly when the lawsuit only tangentially implicates a litigant's medical history. In *Hageman*, the plaintiff, who was involved in divorce proceedings, sued his healthcare provider following the production of his medical records pursuant to a subpoena issued by his wife's attorney. *Id.* at 187. After his wife filed for divorce, Hageman requested legal custody of their minor child. *Id.* The court held that Hageman "waived his medical privilege" by putting his health at issue in the divorce action since he was required to show he was capable of appropriately caring for his child. *Id.* at 189.

In this case, O'Brien's medical history became relevant when O'Brien filed his first motion for a medical continuance on February 3, 2020. (Abbott Decl. at ¶ 5, Ex. 3). In the memorandum supporting that motion, O'Brien voluntarily disclosed what would have been protected medical

9

information to buttress his request for an 11th hour continuance. By attaching Exhibit 1 to his motion, the "Work Excuse Form," O'Brien disclosed his encounter with Dr. Scott McKeon on January 31, 2020 at the Chalmers P. Wylie VA Ambulatory Care Center. (*Id.*). It disclosed O'Brien's symptoms of pain and bleeding and that he needed further evaluation by a specialist. It indicated that until his unspecified medical condition was brought under control, O'Brien will not be able to sit or stand for prolonged periods and would need frequent bathroom breaks. In the text of his Motion for Medical Continuance, which O'Brien filed pro se, he describes his medical condition as having "swiftly and drastically worsened" and notes that he has been chronically ill since August 2019. (*Id.*). The content of O'Brien's Motion and more importantly the Work Excuse Form from Dr. McKeon was protected medical information about O'Brien that was inaccessible to the Panel, Relator's Counsel and the general public until O'Brien published it in his Motion for Medical Continuance. Once that happened, O'Brien's privacy and non-disclosure interest was waived. *Hagamen*, 119 Ohio St.3d at 189; *State ex rel. Wallace v. State Med. Bd.*, 2000-Ohio-213, 89 Ohio St.3d. 431, 435; *Chubb c. Ohio Bur. Of Worker's Comp.*, 81 Ohio St. 3d 275, 278, citing *State ex. Rel. Athens Cty. Bd. of Commrs. v. Gallia, Jackson, Meigs, Vinton Joint Solid Waste Mgt. Dist. Bd. of Directors,* 75 Ohio St.3d 611, 616 (1996).

Having voluntarily asserted his deteriorating medical condition as justification for a continuance, O'Brien had no basis to object to the Panel's insistence on more detailed information in the event O'Brien sought additional continuances. Predictably, as the May hearing date approached, O'Brien asked for another medical continuance. Accompanying the Motion was a one paragraph letter from O'Brien's ostensible treating physician. (Ex. 3a, Doc No. 1-3 at PageID 29 (Online access restricted)). This letter answered none of the questions required by the March 30th Order nor did it disclose protected medical information. Because the letter and the previous Work Excuse Form were provided by O'Brien, who had waived the non-disclosure privilege, Relator's Counsel was free to

10

quote the letter in their memorandum in opposing the second continuance and to file that memorandum in the publically available case file. O'Brien has no claim.

### E. O'Brien's Bogus Injunctive and Declaratory Judgment Claims

In the hopes of derailing his disciplinary proceeding, while continuing to engage in the unethical behavior at issue, O'Brien included in his complaint a demand for declaratory and injunctive relief:

With respect to the Panel:

> enjoin the Panel from Ordering that the Plaintiff is required to upload protected medical information to the Board's public website for all to see;
>
> direct the Panel to redact the Plaintiff's protected medical information which has already been uploaded to the Board's website by Defendants, Markus, Griffith and Kutell;
>
> direct the Panel and Messrs. Markus, Griffith and Kutell to consider any protected medical information provided by the Plaintiff to be confidential and not for public consumption;
>
> direct the Panel to continue the case against the Plaintiff for a reasonable time until the Plaintiff is medically able to assist in his own defense;
>
> for such other injunctive and declaratory relief as the Court deems just and appropriate.

With respect to Relator's, Defendants Markus, Griffith & Kutell:

> enjoin Defendants Markus, Griffith and Kutell from uploading to the Board's public website, the protected medical information of the Plaintiff;
>
> declare that the conduct of Defendants, Markus, Griffith and Kutell, in uploading the Plaintiff's protected medical information to the Board's public website is a violation of the Plaintiff's rights under 42 U.S.C. 1983 and award the Plaintiff compensatory and punitive damages;
>
> declare that the conduct of Defendants, Markus, Griffith and Kutell in uploading to the Board's public website, constitutes an unconsented, unprivileged disclosure to a third party, to wit—the public at large, and award the Plaintiff compensatory and punitive damages.
>
> for such other injunctive or declaratory relief as the Court deems just and appropriate.

(Compl., Doc. No. 1 at PageID 22-23). As to the Relator and Relator's Counsel, O'Brien's two requests for declaratory judgment are no more than restatements of the constitutional and common law claims that have no merit but have already been addressed in this memorandum.

The demand for injunctive relief falls squarely within the abstention doctrine argued by the Panel in their Motion to Dismiss. Without repeating arguments already made by the Panel, the abstention doctrine applies to disciplinary proceedings like the Grievance Matter. *See Middlesex Cty. Ethics Comm. V. Garden State Bar Assn.*, 457 U.S. 423, 434-35 (1982); *see also Squire v. Coughlan*, 469 F.3d 551, 555-556 (6th Cir. 2006) (citing *Middlesex*). Lawyer discipline is exclusively the purview of state supreme courts and their designees; not federal courts. Nor should federal courts be used as a pawn by unscrupulous lawyers hoping to avoid ethical challenges. The duly appointed Panel in the Grievance Matter should decide how it will conduct O'Brien's disciplinary proceeding. Whether O'Brien is entitled to perpetual continuances based upon cryptic, unauthenticated medical information that is presented to the Panel by O'Brien, on behalf of O'Brien, and exclusively on his terms should be a decision made by the trier of fact. O'Brien's request for injunctive relief is an attempt to either have this Court micromanage the disciplinary process or use this lawsuit to disrupt the disciplinary proceeding and effectuate a de facto delay. This is precisely why the abstention doctrine applies.

## CONCLUSION

Matters before the Board involving professionalism and ethics are often difficult not only for the attorney who is under investigation, but for those prosecuting and judging the same. The role of individuals who volunteer their time to make sure members of the legal community are abiding by the standards they've sworn to uphold is thankless. While they do not volunteer their time for accolades, they should not expect to serve the public and their profession in fear of retribution. O'Brien's claims against Relator's Counsel and Panel Defendants should be seen for what they are—an attempt to force

the Grievance Matter off its tracks. O'Brien's claims have no merit and should be dismissed with prejudice without delay.

Respectfully submitted,

*/s/ Sarah E. Abbott*
David P. Kamp (0020665)
Sarah E. Abbott (0086099)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
david.kamp@dinsmore.com
sarah.abbott@dinsmore.com

*Attorneys for Defendants,*
*Kent R. Markus, Esq., Bryan Griffith, Esq. and*
*Russell J. Kutell, Esq.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of July, 2020, a true and correct copy of the foregoing was filed electronically and served via the Court's electronic filing system upon counsel of record.

<em>/s/ Sarah E. Abbott</em><br>
Sarah E. Abbott (0086099)