IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KEVIN O'BRIEN, ESQ.,** : | |
| : | |
| *Plaintiff,* : | Case No. 20-cv-2406 |
| : | |
| v. : | Judge Algenon L. Marbley |
| : | |
| **D. CHRIS COOK, et al.,** : | Magistrate Judge Elizabeth A. Preston Deavers |
| : | |
| *Defendants*. : | |

**DEFENDANTS D. CHRIS COOK, ADOLFO A. TORNICHIO, AND PEGGY SCHMITZ'S MOTION TO DISMISS PLAINTIFF'S CLAIMS AS MOOT**

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants D. Chris Cook, Adolfo A. Tornichio, and Peggy Schmitz move to dismiss plaintiff Kevin O'Brien's claims against them. Following the Supreme Court of Ohio's acceptance of Plaintiff's voluntary resignation from the practice of law, these defendants dismissed the disciplinary action pending against Plaintiff. Plaintiff's claims against these defendants are moot. Accordingly, Plaintiff lacks standing to bring his claims, and his claims are otherwise barred by the Eleventh Amendment. A memorandum in support is attached.

Respectfully Submitted,

DAVE YOST
Ohio Attorney General

*/s/ Heather L. Buchanan*
HEATHER L. BUCHANAN (0083032)
Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592

Heather.Buchanan@OhioAGO.gov

*Counsel for Defendants D. Chris Cook, Adolfo A. Tornichio, and Peggy Schmitz*

## **MEMORANDUM IN SUPPORT**

### I. INTRODUCTION

Plaintiff's claims against Defendants D. Chris Cook, Adolfo A. Tornichio, and Peggy Schmitz (collectively the "Board Defendants") are moot and should be dismissed. Plaintiff's claims are based on the alleged violation of his constitutional rights stemming from an order of the Board Defendants in an attorney disciplinary proceeding against him. Plaintiff is asking the Court to enjoin the Board Defendants from issuing the order. However, Plaintiff voluntarily resigned from the practice of law, and the Board Defendants dismissed the pending disciplinary action. As all Plaintiff's claims against the Board Defendants are tied to the disciplinary proceeding, Plaintiff's claims are moot. Consequently, Plaintiff can no longer establish standing to sue the Board Defendants, and the Board Defendants are otherwise entitled to immunity under the Eleventh Amendment. Each of these reasons warrants dismissing all claims against the Board Defendants.

### II. BACKGROUND

This case stems from a formal complaint the Columbus Bar Association filed against Plaintiff on June 3, 2019, based on allegations that Plaintiff filed lawsuits on behalf of clients he did not represent. Doc. 1, PageID # 6, ¶ 16. In short, several months into the proceeding, the Board Defendants ordered Plaintiff to upload to its website a physician's letter to support his claim that his medical condition prevented him from participating in the proceeding. *See generally* Doc. 1.

Plaintiff filed this lawsuit on May 13, 2020, alleging that in ordering him to upload his "protected health information" the Board Defendants violated his right to privacy. Doc. 1, PageID # 15, ¶ 44-45. Plaintiff also alleged a violation of his right to procedural due process. *Id*. at PageID

3

# 20, ¶ 65. Plaintiff asked the Court to enjoin the Board Defendants from ordering that Plaintiff's medical information be uploaded to the Board website. *Id*. at PageID # 22, Prayer for Relief.

The Board Defendants moved to dismiss on July 8, 2020. Doc. 9. Because the disciplinary proceeding was then pending, the Board Defendants urged the Court to abstain from reviewing the case pursuant to the abstention doctrine articulated in *Younger v. Harris*. *Id.* at PageID # 70-79. The Board Defendants further argued that if the Court assessed the merits of Plaintiff's constitutional claims, those claims fail as a matter of law. *Id*. at PageID # 79. Plaintiff did not establish that disclosure of his medial information violates his constitutional right to privacy, or a violation of procedural due process because he would have an opportunity to challenge the Board's actions in the disciplinary proceeding. *Id*. at PageID # 79-83. Accordingly, Plaintiff failed to show entitlement to any relief. *Id*. at PageID # 83-84.

In its February 3, 2021, Order, the Court declined to exercise jurisdiction of the Board Defendants' Motion to Dismiss pursuant to the *Younger* abstention doctrine. *See generally* Doc. 23. The Court thus stayed the matter until the underlying disciplinary proceeding was resolved. *Id*. at PageID # 260-261.

The disciplinary proceeding is now resolved. On May 29, 2024, Plaintiff filed an application with the Supreme Court of Ohio Office of Attorney Services to resign from the practice of law. *See In the Matter of the Retirement/Resignation of Kevin John O'Brien*, Sup. Ct. No. 2024-0758; application attached as Ex. A.[1] The Supreme Court accepted Plaintiff's application on July 15, 2024, with disciplinary action pending. *See* 07/15/2024 Case Announcements #2, 2024-Ohio-

---

[1] In determining whether it has jurisdiction over a claim, courts may consider materials outside the complaint without converting a motion to dismiss into a motion for summary judgment. *Estate of Cottingham v. Hamilton Cty. Dept. of Job & Family Servs*., S.D.Ohio No. 1:16-cv-704, 2017 U.S. Dist. LEXIS 11557, fn. 5 (Jan. 27, 2017) (citing *Rogers v. Stratton Indus., Inc*., 798 F.2d 913, 915-16 (6th Cir. 1986)).

4

2662 (accepting Plaintiff's application for resignation with disciplinary action pending); Order attached as Ex. B. On the same day, the Board Defendants dismissed the pending disciplinary action against Plaintiff. *See* Order attached as Ex. C.

On July 30, 2024, the Defendants moved to lift the stay ordered in this case so that the Court could consider the pending motion to dismiss. *See generally* Doc. 31. The Court granted the motion on October 15, 2024 (Doc. 32), and the Court may consider this Motion to Dismiss.

### III. LAW AND ARGUMENT

#### A. Plaintiff's claims are moot.

Plaintiff's claims against the Board Defendants are moot and the claims should be dismissed as a result. Plaintiff applied to resign from the practice of law and the Supreme Court of Ohio accepted his resignation. Consequently, the Board Defendants dismissed the disciplinary proceeding pending against Plaintiff. As all Plaintiff's claims against the Board Defendants are based on actions that may happen in the disciplinary proceeding, there is simply no case or controversy for this Court to decide.

"Article III of the Constitution confines the power of the federal courts to adjudication of 'cases' or 'controversies.'" *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997) (citations omitted). "The mootness doctrine, a subset of the Article III justiciability requirements, demands a live case-or-controversy when a federal court decides a case." *Id*. (citing *Burke v. Barnes*, 479 U.S. 361, 363 (1987)). Claims become moot "when the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1975) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). When events occur later in litigation that eliminate a "plaintiff's injury or make it impossible for the court to

5

grant relief, the case has become moot and a court must dismiss it." *Davis v. Colerain Twp.*, 51 F.4th 164, 174 (6th Cir. 2022).

Dismissal is proper here. Plaintiff asks the Court to enjoin the Board Defendants from ordering him to upload medical information to the Board's website. The Court, however, cannot enjoin an action that will not happen. It is, in short, impossible for the Court to grant relief. Accordingly, Plaintiff's claims against the Board Defendants are moot, and the claims should be dismissed.

### B. Plaintiff lacks standing to continue to prosecute this case.

One consequence of having his claims rendered moot is that Plaintiff also lacks standing to continue to prosecute his claims. The concepts of mootness and standing are related. If an event occurs during litigation that eliminates a plaintiff's alleged injury—*e.g.*, the claims are moot—the plaintiff's standing terminates. *See, e.g., Davis v. Colerain Twp.*, 51 F.4th at 174.

The jurisdiction of federal courts extends only to cases or controversies under Article III; unless a plaintiff has standing to sue, no Article III case or controversy exists. *Murray v. United States Dep't of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012) (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 613 (1989)). To satisfy Article III standing, a plaintiff must show a concrete and particularized injury-in-fact that is fairly traceable to the defendant's actions and that is likely to be redressed by a favorable decision of the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Further, "[t]he injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (quoting *Golden v. Zwickler*, 394 U.S. 103, 109-110 (1969)). Significant here, a plaintiff must maintain standing throughout the case from start to finish. *City Communications, Inc. v. Detroit*, 888 F.2d 1081, 1086

6

(6th Cir. 1989) ("A plaintiff must maintain standing throughout all stages of his litigation.") (citing *Karcher v. May*, 484 U.S. 72 (1987)).

Plaintiff's claims are based on the alleged violation of his constitutional rights because the Board Defendants ordered him to upload a physician's letter. *See generally* Doc. 1. All injury or threat of injury stems from the Board's order. With the disciplinary proceeding dismissed there is simply no harm or threat of harm to Plaintiff. More fundamentally, Plaintiff has resigned from the practice of law. *See* Ex. B. Plaintiff is not a licensed attorney and cannot be harmed by actions in an attorney disciplinary proceeding. He therefore no longer possesses an injury-in-fact in which to maintain his standing to sue.

### C. Plaintiff's claims are now barred by the Eleventh Amendment.

The final consequence of Plaintiff's claims being rendered moot is that the Board Defendants are now entitled to Eleventh Amendment immunity.

Eleventh Amendment immunity applies unless a state has consented to suit or Congress has clearly expressed its intent to abrogate immunity. *See Latham v. Office of Attorney Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). The State of Ohio has not waived its Eleventh Amendment immunity, and Congress did not abrogate it for claims under 42 U.S.C. § 1983. *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) ("Congress did not disturb the states' eleventh amendment immunity when it passed § 1983."). This immunity is not limited to states but is also enjoyed by a state official in his or her official capacity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

A plaintiff may avoid the consequences of state officials' Eleventh Amendment Immunity by seeking prospective injunctive relief to end a continuing violation of federal law, commonly referred to as an *Ex parte Young*, 209 U.S. 123 (1908), claim. To avoid immunity under *Ex parte*

7

*Young*, a plaintiff must allege "an ongoing violation of federal law and seek relief properly characterized as prospective." *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 296 (1997). That is, a plaintiff's desired relief must be "prospective in nature and designed to ensure future compliance with federal law." *Doe v. Cummins*, 662 Fed. Appx. 437, 444 (6th Cir. 2016) (citing *Ex parte Young*, 209 U.S. at 155-56 and *Edelman v. Jordan*, 415 U.S. 651, 666-69 (1974)).

Here, Plaintiff alleged that he suffered a continuing violation of his constitutional rights based on the Board Defendants' potential disclosure of his medical information. *See generally* Doc. 1. For all the reasons explained in this Motion, the Board Defendants cannot take such action because it dismissed the disciplinary proceeding against Plaintiff. Because Plaintiff cannot establish an ongoing violation of federal law, the Board Defendants are entitled to Eleventh Amendment Immunity, which bars Plaintiff's claims.

## IV. CONCLUSION

For the foregoing reasons, Defendants D. Chris Cook, Adolfo A. Tornichio, and Peggy Schmitz move this Court to grant their Motion to Dismiss and dismiss all Plaintiff's claims against them.

    Respectfully Submitted,

    DAVE YOST
    Ohio Attorney General

    */s/ Heather L. Buchanan*
    HEATHER L. BUCHANAN (0083032)
    Assistant Attorney General
    Constitutional Offices Section
    30 East Broad Street, 16th Floor
    Columbus, Ohio 43215
    Tel: 614-466-2872 | Fax: 614-728-7592
    Heather.Buchanan@OhioAGO.gov

    *Counsel for Defendants D. Chris Cook, Adolfo A. Tornichio, and Peggy Schmitz*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2024, the foregoing was filed electronically.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Heather L. Buchanan*
HEATHER L. BUCHANAN (0083032)
Assistant Attorney General