# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Kevin O'Brien, Esq. | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 2:20-cv-02406 |
| Tad A. Herold, Esq., et al., | : | Judge Algenon L. Marbley |
| Defendants. | : | |

## DEFENDANTS, KENT R. MARKUS, ESQ., BRYAN GRIFFITH, ESQ., AND RUSSELL J. KUTELL, ESQ'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

Defendants, Kent R. Markus, Esq., Bryan Griffith, Esq., and Russell J. Kutell, Esq., ("Defendants") by and through counsel, hereby move the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to enter an Order granting their Motion to Dismiss Plaintiff's Complaint in its entirety. This Court previously abstained from exercising jurisdiction over Defendants' July 10, 2020 Motion to Dismiss pending the outcome of the underlying disciplinary action. As the underlying disciplinary action has been resolved, this Court directed Defendants to re-file their Motion to Dismiss. In support of their Motion, Defendants rely on the accompanying Memorandum of Law.

1

Respectfully submitted,

*/s/ Mackenzie S. Compton*
Zachary B. Pyers (0083606)
Mackenzie S. Compton (0101573)
REMINGER CO., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, OH  43215
Phone: (614) 232-2496
Fax:    (614) 232-2410
Email:  zpyers@reminger.com
mcompton@reminger.com
*Attorneys for Defendants Kent Markus, Bryan Griffith and Russell J. Kutell*

**MEMORANDUM IN SUPPORT**

### I.  FACTS

Plaintiff's allegations arise from a disciplinary proceeding initiated against him which was pending in front of the Board of Professional Conduct of the Supreme Court of Ohio until July 15, 2024. (Defendants' Ex. 1). That action terminated upon the issuance of an Order of the Supreme Court of Ohio accepting Plaintiff's Application for Retirement or Resignation with disciplinary action pending.

The disciplinary proceeding had been initiated on April 3, 2018 when a debtor's attorney filed a grievance against O'Brien;  several of O'Brien's former clients subsequently filed grievances against O'Brien alleging that he claimed to represent them in collection matters after their engagement of him had been terminated. (Compl., Doc. No. 1 at PageID 5, ¶ 14, 16, 17). In accordance with the rules governing lawyer discipline, the certified grievance committee of the Columbus Bar Association ("CBA") undertook a confidential investigation, which resulted in the public filing of a formal Complaint against O'Brien for multiple violations of the Ohio Rules of Professional Conduct ("Grievance Matter"). (Compl., Doc. No. 1 at PageID 8, ¶ 18). Once the formal Complaint was filed on May 31, 2019, the disciplinary proceeding was no longer confidential and the conduct of those proceedings was in the public record.

The Ohio Supreme Court appointed three disinterested lawyers to act as the hearing panel for the O'Brien matter – Tad A. Herold ("Herold"), Hon. D. Chris Cook ("Cook") and Hon. Adolfo A. Tornichio ("Tornichio") (collectively the "Panel"). (*Id*. at PageID 8, ¶ 20). Three members of the certified grievance committee of the CBA (Relator's Counsel) prepared the formal Complaint and were responsible for presenting evidence supporting the charges against O'Brien. (*Id*. at PageID 9, ¶ 21). O'Brien, through his counsel, Jeffrey A. Catri, answered the Complaint denying the allegations of misconduct. (Defendants' Ex. 2).

During the discovery phase of the disciplinary proceeding, O'Brien began experiencing "medical issues" in August 2019. (Compl., Doc. No. 1 at PageID 9, ¶ 22). Nonetheless, preparation for the disciplinary hearing continued and the final hearing was set for February 5-6, 2020. On February 3, 2020, two days before the hearing, O'Brien filed a *pro se* "Motion for Medical Continuance." The publicly filed memorandum in support of the motion stated:

> *Respondent's current physical condition has swiftly and drastically worsened in the recent weeks. Respondent has been chronically ill since August, 2019, but his health has changed drastically in the last two weeks. Participation in a hearing or trial of this instant matter would be a detriment to Respondent's current condition and delay wellness. Attached is a letter from Respondent's health care professional stating his inability to attend a hearing next week, February 5-6, 2020 Exhibit 1*. (Defendants' Ex. 3).

Attached as Exhibit 1 to O'Brien's Motion for Medical Continuance and filed publicly with the Board was a form entitled "Work Excuse Form." The form was on stationary of a VA facility, identified as the "Chalmers P. Wyle VA Ambulatory Center." (*Id*.) It indicated O'Brien had been treated at the Ambulatory Center on January 31, 2020. (*Id*.) The form which was signed by Scott McKeon described O'Brien's medical restriction as follows:

> *Mr. O'Brien was seen in the urgent care today for an unspecified medical condition which included symptoms of pain and bleeding. Until he is more fully evaluated by a specialist next week, and/or his symptoms are brought under better control, he will be unable to participate in proceedings involving prolonged sitting or standing, or settings not conducive to frequent bathroom breaks*. (*Id*.).

On or about February 21, 2020, Herold, as the Panel Chair, granted O'Brien's medical continuance and set a new hearing date of May 4-6, 2020. (Compl., Doc. No. 1 at PageID 9, ¶ 24). In the Order setting the new date for the final hearing, the Panel established a protocol to be followed if O'Brien sought further continuances for medical reasons.

> *Any request for a continuance of the hearing dates shall be made by written motion. If the continuance is sought based on Respondent's medical*

> *condition, the motion shall be supplemented by an affidavit from Respondent's treating physician that includes specific medical advice. In lieu of providing the affidavit, Respondent may request a telephone conference in which Respondent's treating physician will be available to participate*. (Defendants' Ex. 4).

Following the protocol outlined in the Panel's February 21 Order, O'Brien's counsel on March 30, 2020, filed a request for a telephone conference with the Panel and Relator's Counsel. (Defendants' Ex. 5). The conference call was held on April 2, 2020. (Compl. at PageID 9, ¶ 25). The Panel Chair told O'Brien, and later memorialized his instruction in an Order, that O'Brien needed to file a written motion for continuance by April 17, 2020 and include in his supporting memorandum a signed statement from his treating physician explaining:

> *(1) the manner in which [his] medical condition renders [him] unable to participate in this proceeding; (2) the impact such condition has on [his] ability to practice law, and (3) the anticipated period of time during which [his] medical condition will affect both his participation in this proceeding and his ability to practice law*. (*Id*., Doc. No. 1-2 at PageID 25, Compl. Exhibit 2).

In response to the Panel's requirement that O'Brien provide a signed statement from his treating physician addressing the three issues related to O'Brien's medical impairment, O'Brien filed a Motion for Continuance on April 16, 2020 and forwarded a letter from an ostensible treating physician. (*Id.* at PageID 10, ¶ 27 and Ex. 3a, Doc. No. 1-3 at PageID 26-29). The letter provided no information on the disabling nature of O'Brien's medical issue, why he couldn't participate in the final hearing, how long his infirmity would last or whether he was temporarily disabled from his law practice. Despite its cryptic, non-specific content, O'Brien provided the letter to support his motion for continuance and then, without filing a motion for protective order or motion to file the letter under seal, instructed the Panel and Relator's Counsel that the letter was not to be published. (*Id*.). O'Brien, without any authority, filed a motion to continue the final hearing on medical grounds supported only by an illusory letter that was referenced in the filed pleading. (*Id*

5

at PageID 10, ¶ 27; Ex. 3a, Doc. No. 1-3 and 3b, Doc. No. 1-4). O'Brien's motion did not specify a length of continuance requested, or indicate any time in the future when he would be willing or able to participate in a hearing. (Ex. 3a, Doc. No. 1-3 at PageID 26-27).

Having received no reliable information justifying an open-ended continuance of O'Brien's final hearing, Relator's Counsel opposed O'Brien's motion for continuance. (Comp., Doc No. 1 at PageID 11, ¶ 29). Since the letter was proffered by O'Brien as his sole evidence of a medical issue justifying a continuance, Relator's Counsel quoted the letter to demonstrate that O'Brien failed to comply with the Panel's March 30, 2020 Order and that O'Brien had failed to produce any meaningful medical evidence that he was too sick to participate in his disciplinary proceeding. (*Id.*).

Despite having voluntarily published details of his medical history in his first motion for a medical continuance and subsequent pleadings, O'Brien now asserts in this lawsuit that disclosure of the same but less descriptive information in Relator's Counsel's memorandum opposing the continuance of the May, 2020 hearing date, invaded his privacy and gives rise to claims under 42 U.S.C § 1983, Procedural Due Process, HIPAA and common law. O'Brien seeks declaratory and injunctive relief as well as monetary damages.

Further, since the initial pendency of this matter, Plaintiff's disciplinary proceedings have concluded. On May 29, 2024, Plaintiff filed an Application for Retirement or Resignation with The Supreme Court of Ohio. (Defendants' Ex. 6).The Resignation was accepted, "with disciplinary action pending," on July 15, 2024. (Defendants' Ex. 7). Following the issuance of the Supreme Court's Order, the Board of Professional Conduct dismissed the then pending Board action against the instant Plaintiff. (Defendants' Ex. 1).

O'Brien's claims in this lawsuit fail as a matter of law. To the extent that the relief requested by Plaintiff is directly associated with the now concluded disciplinary action, his claims are moot. Even if Plaintiff's claims are not moot, assuming the facts pled in the complaint and the public record of the proceedings in *Columbus Bar Assn. v. Kevin O'Brien*, Board Case No. 2019-027 as well as In the Matter of the Resignation of Kevin John O'Brien as an Attorney and Counselor at Law, 2024-Ohio-0758 , O'Brien has no legally plausible claim against Relator's Counsel, Markus, Griffith and Kutell, and O'Brien's complaint must be dismissed with prejudice.

## II.  LAW AND ARGUMENT

### a.  Standard for Rule 12(b)(6) Motions.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Neither formulaic recitations of legal elements nor naked assertions devoid of factual enhancement will satisfy this standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Where, as here, plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In addition to consideration of the pleadings, federal courts may also consider materials that are public records, court records, or those otherwise appropriate for taking judicial notice

without converting a Fed. R. Civ. P. 12(b) motion to dismiss to a Fed. R. Civ. P. 56 motion for summary judgment. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). The certified copies of the pleadings before the Board in Case No. 2019-027 and the Supreme Court in Case No. 2024-758, attached as Defendants' Exhibits, are public records and appropriate to be judicially noticed as records of another court.

Sufficiency of a complaint is a question of law. *Dugan v. Brooks*, 818 F.2d 513, 516 (6th Cir. 1987). In reviewing the sufficiency of a complaint, this Court's task is limited to determining whether plaintiff is entitled to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). O'Brien's claims against Relator's Counsel are not viable—not only is there no private right of action for an alleged HIPAA violation or an authorized/unprivileged disclosure of medical information, but Relator's Counsel have absolute immunity as a matter law. Further, Plaintiff's claims are moot as the disciplinary proceedings have ended.

   b. <u>Relator's Counsel are Immune from Suit Pursuant to 42 U.S.C. §1983 or 1985 For Monetary Damages as a Matter of Law</u>

Lawsuits against individual state actors in their official capacities are synonymous with suits against the state itself. Local bar associations, as well as members of their grievance committees investigating and prosecuting alleged ethical violations, "act[ ] as arms of the Supreme Court of Ohio in performing a function for which the court and its justices are immune." *Berger v. Cuyahoga Cty. Bar Assn.*, 983 F.2d 718, 722 (6th Cir. 1993); *see also Bailey v. Columbus Bar Assn.*, 25 Fed.Appx. 225, 227, 2001 U.S. App. LEXIS 24479 (6th Cir. 2001). "Ohio's constitution vests original jurisdiction in its supreme court over 'admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law' . . . [and] thus, the proceedings are within the 'constitutionally-prescribed jurisdiction' of the Supreme Court of Ohio." *Berger*, 983 F.2d at 723. The *Berger* court stated, "Ohio disciplinary proceedings are

8

carried out by committees which are arms of the Ohio Supreme Court. . .[with] the supreme court ultimately deciding what discipline should be given." *Id*.

In *Bailey*, the Sixth Circuit affirmed the district court's dismissal of the Plaintiff's § 1983 and § 1985 claims against the Cincinnati and Columbus Bar Associations, the investigating attorney, and the private law firm with which that investigating attorney was associated for allegedly conspiring to violate his constitutional rights in the context of a grievance investigation and a subsequent disciplinary proceeding. 25 Fed.Appx. at 228. The Sixth Circuit adopted the district court's reasoning which determined dismissal of the bar association defendants was mandated by *Berger*. *Id.*; *see also Bailey v. Columbus Bar Assn.*, No. C2-01-169, slip op. at 5-6 (S.D. Ohio April 11, 2001).

Not only are Markus, Griffith and Kutell absolutely immune from liability as agents of the Ohio Supreme Court, their role as Relator's Counsel provides an additional basis for absolute immunity – prosecutorial immunity. The United States Supreme Court has held that prosecutors, when acting in their role as advocates for the state, are entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486, (1991); *see also Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Sixth District Courts have extended prosecutorial immunity to attorneys prosecuting disciplinary matters. *Bazzo v. Atty. Griev. Comm.*, E.D.Mich. No. 4:23-cv-10403, 2024 U.S. Dist. LEXIS 15214 (Jan. 2, 2024). Relator's Counsel, in representing the CBA in the Grievance Matter, were carrying out their prosecutorial duties as arms of the Ohio Supreme Court. As such, absolute immunity applies in this case to bar suit and any monetary liability. Therefore, the Complaint should be dismissed in its entirety with prejudice.

    c. <u>There is no Constitutional Protection for Nondisclosure of Private Data</u>

Assuming arguendo that Defendants are not immune, Plaintiff's claims still fail as there is no constitutional protection for the nondisclosure of private data. The Sixth Circuit Court of Appeals has stated "the Constitution does not encompass a general right to nondisclosure of private information." *Jarvis v. Wellman*, 52 F.3d 125 (6th Cir.1995) citing *J.P. v. DeSanti*, 653 F.2d 1080 (6th Cir. 1981). In *Jarvis v. Wellman*, the Sixth Circuit Court of Appeals stated: "although we acknowledge the significance of a right of privacy, we found that "inferring very broad 'constitutional' rights where the Constitution itself does not express them is an activity not appropriate for the judiciary. *Id*., 126. Only when "fundamental rights are implicated does a privacy concern take on constitutional dimensions." *Id*.

Courts have regularly held that the disclosure of medical information does not equate to the infringement of a constitutional right. In *Jarvis*, the Sixth Circuit Court of Appeals upheld that the unauthorized disclosure of a prison inmate's records did not rise to the level of a breach of a fundamental right under the constitution and that the Defendants were immune from Plaintiff's Claims. *Jarvis*, supra. Likewise, in *Doe v. Worthington*, the court upheld that disclosure of HIV status did not violate a constitutional right to privacy. *Doe v. Wigginton*, 21 F.3d 733 (6th Cir.1994).

The only right which Plaintiff claims was violated by Defendants was his right to keep his medical information private. The alleged disclosure of private information Plaintiff alleges was wrongfully disclosed did not contain specific details of Plaintiff's treatment, nor did it contain specific details regarding any medical conditions. Further, Plaintiff had previously voluntarily disclosed his own medical information in the proceedings. Plaintiff's previous Motion for a Medical Continuance attached a letter disclosing significantly more medical information including symptoms of pain and bleeding, the identity of his treating physician, and the physical limitations

he would be subjected to. (Defendants' Ex. 3). Plaintiff's own conduct in the course of litigation furthers the contention that Plaintiff has no privacy right to his medical information. Because there is no constitutional right to privacy of private data, including medical data, Plaintiff's claims must fail.

      d. <u>The Health Insurance Portability and Accountability Act Does Not Provide a Private Cause of Action</u>

Protected by two absolute immunities, Relator's Counsel have no liability for O'Brien's monetary claims. Even without immunity, O'Brien would have no claim against the Relator's Counsel. There is no private right of action under HIPAA. *See, e.g., Wood v. Blyer*, 2006 U.S. Dist. LEXIS 85989 (N.D. Ohio 2006); *Siegler v. Ohio State University*, No. 2:11-cv-170, 2011 U.S. Dist. LEXIS 55389, at *20-21 (S.D. Ohio May 23, 2011); *Henry v. Ohio Victims of Crime Compensation Program*, No. 2:07-cv-0052, 2007 U.S. Dist. LEXIS 14508, at *4-5 (S.D. Ohio Feb. 28, 2007). While HIPAA provides both civil and criminal penalties for improperly handled or disclosed private health information, the statutory language clearly limits enforcement to actions by the Department of Health and Human Services and states' attorneys general. *Cabotage v. Ohio Hosp. for Psychiatry, LLC,* No. 2:11-cv-50, 2012 U.S. Dist. LEXIS 105130, at *9 (S.D. Ohio July 27, 2012) *citing*, *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006). Since O'Brien is statutorily prevented from prosecuting a HIPAA violation claim it should be dismissed with prejudice.

      e. <u>Plaintiff's Complaint Shows that He Has Not and Cannot State a Claim for Unauthorized/Unprivileged Disclosure of Nonpublic Medical Information to Third Parties</u>

In general, a person's medical records are confidential, protected by statute (HIPAA) and common law doctor patient privilege. This privacy right is protected unless disclosure of a patient's medical information is authorized or waived by the patient. *Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395, 405 (1999); *Hageman v. Southwest Gen. Health Ctr.,et al.*, 119 Ohio St.3d 185, 189

(2008). The medical record non-disclosure privilege is waived implicitly in cases involving personal injury and medical malpractice. In these cases, the patient's medical information is integral to the case. The patient waives his or her privacy right by filing a claim. *See e.g., Mieczkowski v. King*, Case No. 00-JE- 35, 2001 Ohio. App. LEXIS 5142 at *11-12 (Ct. App. Nov. 9, 2011); *Vandenhaute v. Filer*, 2002-Ohio- 3640 ¶ 11 (8th Dist.).

But the waiver applies more discreetly when the lawsuit only tangentially implicates a litigant's medical history. In *Hageman*, the plaintiff, who was involved in divorce proceedings, sued his healthcare provider following the production of his medical records pursuant to a subpoena issued by his wife's attorney. *Id*. at 187. After his wife filed for divorce, Hageman requested legal custody of their minor child. *Id.* The court held that Hageman "waived his medical privilege" by putting his health at issue in the divorce action since he was required to show he was capable of appropriately caring for his child. *Id*. at 189.

In this case, O'Brien's medical history became relevant when O'Brien filed his first motion for a medical continuance on February 3, 2020. (Defendants' Ex. 3). In the memorandum supporting that motion, O'Brien voluntarily disclosed what may have been protected medical information to buttress his request for an 11th hour continuance. By attaching Exhibit 1 to his motion, the "Work Excuse Form," O'Brien disclosed his encounter with Dr. Scott McKeon on January 31, 2020 at the Chalmers P. Wylie VA Ambulatory Care Center. (*Id.*). It disclosed O'Brien's symptoms of pain and bleeding and that he needed further evaluation by a specialist. (*Id.*) It indicated that until his unspecified medical condition was brought under control, O'Brien would not be able to sit or stand for prolonged periods and would need frequent bathroom breaks. (*Id.*) In the text of his Motion for Medical Continuance, which O'Brien filed *pro se*, he describes his medical condition as having "swiftly and drastically worsened" and notes that he has been

12

chronically ill since August 2019. (*Id.*). Accepting Plaintiff's arguments as to what constitutes protected medical information, the content of O'Brien's Motion and more importantly the Work Excuse Form from Dr. McKeon, included medical information about O'Brien that was inaccessible to the Panel, Relator's Counsel and the general public until O'Brien published it in his Motion for Medical Continuance. Once O'Brien voluntarily published his medical records, O'Brien's privacy and non-disclosure interest regarding any materials voluntarily published by O'Brien was waived. *Hagamen*, 119 Ohio St.3d at 189; *State ex rel. Wallace v. State Med. Bd.*, 2000-Ohio-213, 89 Ohio St.3d. 431, 435; *Chubb c. Ohio Bur. Of Worker's Comp.*, 81 Ohio St. 3d 275, 278, citing *State ex. Rel. Athens Cty. Bd. of Commrs. v. Gallia, Jackson, Meigs, Vinton Joint Solid Waste Mgt. Dist. Bd. of Directors,* 75 Ohio St.3d 611, 616 (1996).

  Having voluntarily asserted his deteriorating medical condition as justification for a continuance, O'Brien had no basis to object to the Panel's insistence on additional information in the event O'Brien sought additional continuances. Predictably, as the May hearing date approached, O'Brien asked for another medical continuance. Accompanying the Motion was a one paragraph letter from O'Brien's ostensible treating physician. (Ex. 3a, Doc No. 1-3 at PageID 29 (Online access restricted)). This letter provided none of the information required by the March 30th Order, nor did it disclose protected medical information. As this Court noted in its February 3, 2021 Order staying the case, Plaintiff did not take steps to avail himself of the relevant mechanisms to restrict public access to the contents of his letter including those remedies outlined in Gov. Bar R. V, Section 8(C) or filing an objection to the Board's Order instituting the process by which he could request further continuances. (Order., Doc. No. 23 Page ID 257, pg. 9-10). Because the letter and the previous Work Excuse Form were provided by O'Brien, who had waived the non-disclosure privilege, Relator's Counsel was free to quote the letter in their memorandum

in opposing the second continuance and to file that memorandum in the publicly available case file. O'Brien has no cognizable claim.

      f.  <u>Plaintiff Cannot Show a Violation of Procedural Due Process Due to His Failure to Avail Himself of Available Remedies</u>

Rather than utilize available state remedies to protect his information, Plaintiff ignored these remedies and utilized an independent and invalid method of protecting the information which he alleges is private. To prevail on a procedural due process claim, a plaintiff must show (1) they had a constitutionally protected interest, (2) they were deprived of that interest, and (3) the state did not afford them adequate procedures. *Golf Village N., LLC v. City of Powell*, 42 F.4th 593 (6th Cir.2022) citing *Paterek v. Vill. of Armada*, 801 F.3d 630, 649 (6th Cir. 2015).

In *Golf Village N., LLC v. City of Powell*, the Sixth Circuit Court of Appeals considered the plaintiff's allegation that it was entitled to a "use determination" as to whether property may be used for a hotel. *Golf Village*, supra. The Court held that because Plaintiff did not follow the applicable process, filing an application to the zoning board, it was not deprived of due process. *Id*.

Critically, Plaintiff does not articulate how the disclosure of allegedly protected medical information denied him procedural due process. As established, there is no constitutionally protected interest in the disclosure of private information. Further, Plaintiff did not avail himself of remedies to protect against the disclosure of the allegedly protected information. As this Court noted, the Rules for the Government of the Bar of Ohio provides remedies by which parties may redact documents relevant to board proceedings. Specifically, Gov. Bar R. V, Section 8(C) provides:

> *A party to a matter pending before the Board may file a motion requesting that the Board restrict public access to all or a portion of the document filed with the board… In considering the motion… the Board chair shall apply the standards set*

> *forth in Sup. R. 45(E). if the board chair finds that public access to a documents should be restricted, the order shall direct the use of the least restrictive means available, including but not limited to redaction of the information rather than limiting the entire document.*

Plaintiff failed to follow this procedure prior to sending the allegedly private information. Plaintiff merely issued an admonishment stating: "please be advised that Respondent does not grant permissible use to the Relator or the Panel to publish the contents of Exhibit A or Exhibit A itself in any for any reason." (Compl. ex. 3b.) This admonishment is not in compliance with the requirements of Gov. Bar R. V, Section 8(C). Additionally, Plaintiff sought no additional remedies in the course of the disciplinary proceeding including a motion to strike the offending documents or otherwise seal the record. Because Plaintiff failed to follow the procedure outlined by the state, he cannot establish the deprivation of procedural due process. Therefore, Plaintiff's claim for procedural due process must be dismissed.

      g. <u>O'Brien's Claims are Moot</u>

Because Plaintiff's disciplinary action has been terminated by his voluntary resignation from the practice of law, his claims are moot. As noted by the Panel Defendants in their Motion to Dismiss, Article III of the Constitution confines the power of the federal courts to adjudication of 'cases' or 'controversies.'" *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997) (citations omitted). "The mootness doctrine, a subset of the Article III justiciability requirements, demands a live case-or-controversy when a federal court decides a case." *Id*. (citing *Burke v. Barnes*, 479 U.S. 361, 363 (1987)). Claims become moot "when the issues presented are no longer 'live' or parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1975) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). When events occur later in litigation that eliminate a "plaintiff's injury or make it impossible for the court to

grant relief, the case has become moot and a court must dismiss it." *Davis v. Colerain Twp.*, 51 F.4th 164, 174 (6th Cir. 2022).

The relief requested by Plaintiff against Relator's counsel includes the following remedies:

- enjoin Defendants… from uploading to the Board's public website, the protected medical information of the Plaintiff;
- declare that the conduct of Defendants… in uploading the Plaintiff's protected medical information to the Board's public website is a violation of the Plaintiff's rights under 42 U.S.C. 1983 and award the Plaintiff compensatory and punitive damages;
- declare that the conduct of Defendants… in uploading to the Board's public website, constitutes an unconsented, unprivileged disclosure to a third party, to wit – the public at large, and award the Plaintiff compensatory and punitive damages. (Compl., p. 22)

At a minimum, Plaintiff's request for an order enjoining Defendants from uploading protected information is moot as the proceedings have closed and no further filings will be made in the underlying action. Therefore, there is no way to grant or enforce such an Order. Further, even if Plaintiff had suffered any damages[1], by resigning from the practice of law he has eliminated any damages he may have suffered. To the extent that Plaintiff resigned in lieu of continuing the disciplinary proceedings, he is unable to establish that Relator's counsel violated any of his rights or potential damages stemming therefrom. Additionally, Plaintiff's Complaint establishes that Plaintiff was contemplating retirement from the practice of law prior to the pendency of the disciplinary action (Compl., Doc. No. 1 ¶11). In 2016, three years prior to the disciplinary action's commencement, Plaintiff began writing letters to clients to advertise his impending retirement. Further, Plaintiff failed to take any steps available in front of the board to address the disclosure of the allegedly private information. Therefore, Plaintiff's 2024 resignation and the termination of

---

[1] Defendants dispute that Plaintiff suffered any cognizable damages as a result of the alleged disclosures.

the Board action negates any damages he may have sustained and any relief that would have been available through this Court, his claims are Moot.

### III. CONCLUSION

Plaintiff's arguments in his Complaint are the result of a six-year long campaign to interfere with his disciplinary proceeding. Now that the disciplinary proceeding has concluded, Plaintiff's claims, which lack an adequate legal basis, are now moot. Even if any of Plaintiff's claims survive the implications of the conclusion of the disciplinary proceeding, Defendants are immune from his claims due to their prosecutorial status. Further, Plaintiff cannot establish that the disclosure of allegedly private information can be considered a constitutional violation upon which relief may be granted. Based on the foregoing, Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

*/s/ Mackenzie S. Compton*
Zachary B. Pyers (0083606)
Mackenzie S. Compton (0101573)
REMINGER CO., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, OH 43215
Phone: (614) 232-2496
Fax: (614) 232-2410
Email: zpyers@reminger.com
mcompton@reminger.com
*Attorneys for Defendants Kent Markus, Bryan Griffith and Russell J. Kutell*

## **CERTIFICATE OF SERVICE**

This will certify that a true and accurate copy of the foregoing was served upon the following via this Court's electronic filing service and via electronic mail this 21st day of April 2025.

Heather L. Buchanan
Ohio Attorney General's Office
30 E. Broad St., 16th Fl
Columbus, OH 43215
Heather.buchanan@ohioattorneygeneral.gov
Renata.staff@ohioattorneygeneral.gov
*Counsel for Defendants Tad A. Herold,*
*D. Chris Cook, and Adolfo A. Tornichio*

Kevin O'Brien
Kevin O'Brien & Associates, Co., LPA
995 South High Street
Columbus, OH 43206
kevin@ohiolaw1.com
*Plaintiff*

                                                */s/ Mackenzie S. Compton*
                                                Zachary B. Pyers (0083606)
                                                Mackenzie S. Compton (0101573)