

# BEFORE THE BOARD OF PROFESSIONAL CONDUCT
## OF
## THE SUPREME COURT OF OHIO

| | | |
|---|---|---|
| In Re: | : | |
| | | |
| Kevin O'Brien | : | |
| Attorney Registration | | |
| No.: 0028108 | : | Case No.: 19-027 |
| 995 South High St. | | |
| Columbus, OH  43206, | : | |
| | | |
| RESPONDENT | : | |
| | | |
| By: | : | |
| | | |
| The Columbus Bar Association | : | |
| 175 South Third St., | | |
| Suite 1100 | : | |
| Columbus, OH  43215, | | |
| | : | |
| RELATOR. | | |

## RESPONDENT'S ANSWER TO RELATOR'S
## SECOND AMENDED COMPLAINT

Now comes Respondent, Kevin O'Brien, by and through the undersigned Counsel, and for his Answer to Relator's Second Amended Complaint, states as follows:

1. Respondent admits the allegations set forth in paragraphs one (1) and four (4) of Relator's Second Amended Complaint (hereinafter, "Complaint").

2. Respondent is without knowledge of the allegation set forth in paragraph two (2) of Relator's Complaint, and therefore denies same.

3. With respect to paragraph three (3) of Relator's Complaint, Respondent admits that he was wrongfully disciplined by the Ohio Supreme Court on December 4, 2008, for a matter involving



a Steven Unger, even though Respondent did not represent Unger in his bankruptcy case.

**COUNT ONE**

4. Respondent admits the allegations contained in paragraphs five (5), six (6), eight (8), ten (10), fourteen (14), seventeen (17), nineteen (19) and twenty-one (21) of Relator's Complaint.

5. With respect to the allegation contained in paragraph seven (7) of the Relator's Complaint, Respondent states that it was engaged in 2011 to handle Beaver Plans evictions and, secondarily, to try to collect Beaver Plans' receivables, if possible; accordingly, to the extent that Relator's Complaint alleges that Beaver Plans engaged Respondent solely "...to recover assets from overdue accounts due to Beaver Plans," Resondent denies same.

6. With respect to the allegations contained in paragraphs nine (9), fifteen (15), sixteen (16) and twenty (20) of Relator's Complaint, Respondent states that he is without knowledge of the matters alleged, therein, and therefore denies same.

7. Respondent denies the allegations contained in paragraphs eleven (11), twelve (12), thirteen (13), eighteen (18), twenty-two (22) through twenty-seven (27), inclusive, and twenty-nine (29) through thirty-one (31), inclusive.

8. With respect to paragraph twenty-eight (28) of the Relator's Complaint, Respondent admits that it did not provide monthly reconciliations to Wiessinger regarding Beaver Plans accounts because money did not come in every month on Beaver Plans

accounts and, in fact, very little money was collected on Beaver Plans accounts.

**COUNT TWO**

9. Respondent denies the allegations contained in paragraphs thirty-two (32), thirty-four (34), thirty-seven (37) through thirty-nine (39), inclusive, forty-one (41), fifty-one (51) through fifty-three (53), inclusive, fifty-five (55) through fifty-eight (58), inclusive, and sixty (60).

10. Respondent admits the allegations set forth in paragraphs thirty-three (33), thirty-five (35), forty (40), forty-two (42) through forty-eight (48), fifty (50) and fifty-four (54).

11. With respect to the allegations contained in paragraphs thirty-six (36) and fifty-nine (59), Respondent admits that he did not provide Donahue with monthly statements demonstrating which monies were collected on which accounts because money did not come in every month on Donahue's accounts.

12. With respect to the allegation contained in paragraph forty-nine (49), Respondent is without knowledge as to what Donahue "estimates" and therefore denies same.

**COUNT THREE**

13. Respondent denies the allegations contained in paragraphs sixty-one (61), sixty-four (64), seventy (70), and seventy-two (72) through seventy-eight (78), inclusive.

14. Respondent admits the allegations contained in paragraphs sixty-two (62), sixty-three (63), sixty-five (65) through sixty-

3

nine (69), inclusive.

15. With respect to the allegation contained in paragraph seventy-one (71) of Relator's Complaint, Respondent states that he does not understand the allegation and therefore states that he is without knowledge of the allegation and therefore denies same.

**COUNT FOUR**

16. With respect to the allegation set forth in paragraph seventy-nine (79) of Relator's Complaint, Respondent realleges and incorporates his previous admissions and denials, above, as if the same were fully rewritten, herein.

17. Respondent denies the allegations contained in paragraphs eighty (80) and eighty-one (81).

**COUNT FIVE**

18. With respect to the allegation set forth in paragraph eighty-two (82) of the Relator's Complaint, Respondent realleges and incorporates his previous admissions and denials, above, as if the same were fully rewritten, herein.

19. Respondent denies the allegations set forth in paragraphs eighty-three (83) and eighty-four (84) of the Relator's Complaint.

**COUNT SIX**

20. Respondent denies the allegations set forth in paragraphs eighty-five (85), eighty-nine (89) ninety-one (91), ninety-four (94), ninety-eight (98) through one hundred three (103), inclusive.

21. Respondent admits the allegations contained in paragraphs eighty-six (86) through eighty-eight (88), inclusive, and ninety-

two (92), ninety-three (93), and ninety-seven (97).

22. With respect to the allegation set forth in paragraph ninety (90), Respondent admits that he disagrees with BCCI's claim that it terminated its relationship with him in February, 2013; further pleading, Respondent admits that he provided a letter from BCCI to Respondent dated March 16, 2015, and that Relator fundamentally mischaracterizes the contents of that letter in its Complaint.

23. With respect to the allegations set forth in paragraphs ninety-five (95) and ninety-six (96) of the Relator's Complaint, Respondent states that he is without knowledge of said allegations and therefore denies same.

**COUNT SEVEN**

24. With respect to the allegations set forth in paragraph one hundred four (104) of Relator's Complaint, Respondent realleges and incorporates his previous admissions and denies contained in paragraphs one (1) through twenty-three (23), above, as if the same were fully rewritten, herein.

25. Respondent denies the allegations set forth in paragraphs one hundred five (105) and one hundred six (106).

**COUNT EIGHT**

26. With respect to the allegations set forth in paragraph one hundred seven (107), Respondent realleges and incorporates paragraphs one (1) through twenty-five (25), above, as if the same were fully rewritten, herein.

5

27. Further pleading, Respondent denies the allegations set forth in paragraphs one hundred eight (108) and one hundred nine (109).

**COUNT NINE**

28. Respondent admits the allegations set forth in paragraphs one hundred ten (110), one hundred sixteen (116), and one hundred twenty-one (121).

29. Respondent denies the allegations set forth in paragraphs one hundred eleven (111), one hundred thirteen (113), one hundred fourteen (114), one hundred eighteen (118), and one hundred twenty-two (122).

30. With respect to the allegation contained in paragraph one hundred twelve (112), one hundred fifteen (115) and one hundred twenty (120), Respondent is without knowledge as to what Tucker maintains or believes or can establish and therefore denies same.

31. With respect to the allegation contained in paragraph one hundred seventeen (117), Respondent admits that he provided a copy of his contingent fee agreement with 1st National Financial Services, Ltd., to Relator, but that the date of Respondent's letter to Relator (May 14, 2019) is incorrect.

32. With respect to the allegations set forth in paragraph one hundred nineteen (119) of Relator's Complaint, Respondent admits that, as of the date of this writing, 1st National Financial Services, Ltd., owes him approximately eighteen thousand dollars ($18,000.00) and further admits that he is contemplating filing a declaratory judgment against against 1st National Financial

Services to let the Franklin County Court of Common Pleas determine whether the parties owe each other any money.

**COUNT TEN**

33. With respect to paragraph one hundred twenty-three (123) of Relator's Complaint, Respondent realleges and incorporates paragraphs one (1) through thirty-two (32), above, as if the same were fully rewritten, herein.

34. Further pleading, Respondent denies the allegations contained in paragraphs one hundred twenty-four (124) and one hundred twenty-five (125).

**COUNT ELEVEN**

35. With respect to the allegations set forth in paragraph one hundred twenty-six (126) of the Relator's Complaint, this Respondent realleges and incorporates the admissions and denies contained in paragraphs one (1) through thirty-four (34), above.

36. Respondent denies the allegations contained in paragraphs one hundred twenty-seven (127) through and including one hundred thirty-five (135).

**RESTITUTION**

37. Respondent denies the allegation set forth in paragraph one hundred thirty-six (136) of Relator's Complaint.

**WHEREFORE,** having fully answered Relator's Second Amended Complaint, Respondent demands strict proof of the matters alleged in Relator's Complaint and requests a hearing in this case.

Respectfully submitted,

/s/ Jeffrey A. Catri

Jeffrey A. Catri (0019028)
**JEFFREY A. CATRI CO., L.L.C.**
995 South High St.
Columbus, OH  43206
614/270-4576
614/224-4870 Fax
jcatri@columbus.rr.com
Counsel for Respondent

### CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Answer of Respondent, was served upon the parties set forth below, via first class, U.S. Mail, postage prepaid, this the 18th day of November, 2019.

/s/ Jeffrey A. Catri

Jeffrey A. Catri (0019028)

cc:

Amy Bostic, Esq.
Luper, Niedenthal & Logan
1160 Dublin Rd., Suite 400
Columbus, OH  43215
abostic@lnlattorneys.com

Kent R. Markus, Esq.
Columbus Bar Association
175 S. Third St., Suite 1100
Columbus, OH  43215
Kent@cbalaw.org

A. Alysha Clous, Esq.
175 S. Third St., Suite 1100
Columbus, OH  43215
alysha@cbalaw.org