BEFORE THE BOARD OF PROFESSIONAL CONDUCT
OF THE SUPREME COURT OF OHIO

In re:

**Complaint against**　　　　　　　　　　　　Case No. 2019-027

**Kevin John O'Brien**

　　**Respondent**

**Columbus Bar Association**

　　**Relator**

FILED
FEB 21 2020
BOARD OF PROFESSIONAL CONDUCT

### ORDER

The panel chair conducted a prehearing telephone conference with counsel on February 21, 2020. As a result of this telephone conference the following is ordered.

**Prehearing Schedule**

1. The parties shall exchange updated witness lists on or before March 9, 2020.

2. The parties shall file any stipulations on or before April 3, 2020. The parties are directed to review the language regarding stipulations set forth below.

3. The parties shall complete depositions and other discovery on or before April 6, 2020.

4. The parties shall exchange updated exhibit lists and exhibits on or before April 20, 2020. Any objections to exhibits shall be filed on or before April 27, 2020. Relator's exhibits shall be consecutively numbered, and Respondent's exhibits shall be consecutively lettered. Joint or stipulated exhibits shall be marked as such and consecutively numbered.

5. The parties shall file final witness and exhibit lists on or before April 27, 2020.

6. The panel chair will conduct a final prehearing conference on April 27, 2020 at 10:00 a.m. Call-in information is attached.

**EXHIBIT 4**

**Hearing Dates**

This matter shall be scheduled for formal hearing on May 4-6, 2020 in Columbus. A notice of formal hearing is issued contemporaneously with this order.

Any request for a continuance of the hearing dates shall be made by written motion. If the continuance is sought based on Respondent's medical condition, the motion shall be supplemented by an affidavit from Respondent's treating physician that includes specific medical advice. In lieu of providing the affidavit, Respondent may request a telephone conference in which Respondent's treating physician will be available to participate.

**Rulings on Pending Motions**

Relator's January 29, 2020 motion in limine to exclude unproduced evidence is overruled.

Relator's January 30, 2020 motion to allow presentation of testimony via video teleconference is granted as to witnesses Gillian Madsen, Ross Kleiman, and Mike Filla. The motion as to witness Jim Tucker is overruled as moot. Relator shall make necessary arrangements for video teleconferencing with the witnesses and staff of the Board at least one week prior to the scheduled hearing. Relator also shall arrange to have an authorized individual present at the remote locations to administer testimonial oaths to the witnesses.

**Stipulations**

The parties are encouraged to collaborate on the preparation of stipulations for consideration by the hearing panel. The parties are reminded that stipulations of fact regarding rule violations must be supported by clear and convincing evidence, and that neither the panel nor Board is required to accept stipulated rule violations that are not supported by sufficient evidence. Evidence presented at a hearing that contradicts a stipulation of fact or a stipulated rule violation will not be considered by the panel, unless a party timely moves to withdraw the stipulation for

good cause, a party seeks and is granted leave to present additional evidence, or the panel *sua sponte* rejects a factual stipulation.

The parties may submit stipulations regarding aggravating and mitigating factors. However, because the existence of aggravating and mitigating factors bears directly on any sanction the panel will recommend, the panel is not bound by such stipulations. The panel will make findings regarding aggravating and mitigating factors based on the totality of the record, including evidence presented at the hearing. The parties may make a joint recommendation regarding sanction; however, the panel is not bound to accept any recommendation regarding sanction. The panel will make a sanction recommendation based on the totality of the record, applicable case precedents, and standards established by the Supreme Court that govern the administration of professional discipline.

*Tad A. Herold*
Panel Chair
_____ per authorization