**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kevin O'Brien, Esq. | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 2:20-cv-02406 |
| Tad A. Herold, Esq., et al., | : | Judge Algenon L. Marbley |
| Defendants. | : | |

**DEFENDANTS, KENT R. MARKUS, ESQ., BRYAN GRIFFITH, ESQ., AND RUSSELL J. KUTELL, ESQ'S REPLY TO PLAINTIFF'S FAILURE TO RESPOND TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

**MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

Plaintiff Kevin O'Brien (herein referred to as "Plaintiff") has brought a claim against Defendants Kent R. Markus, Esq., Bryan Griffith, Esq., and Russell J. Kutell, Esq., (herein referred to as "Defendants") for allegations arising from a disciplinary proceeding against Plaintiff which was pending in front of the Board of Professional Conduct of the Supreme Court of Ohio. The disciplinary action was terminated when the Supreme Court of Ohio granted Plaintiff's Application for Retirement or Resignation with disciplinary action pending. Defendants filed a Motion to Dismiss Plaintiff's Complaint with Prejudice on April 21, 2025. Plaintiff did not file a response to this Motion within the time required under the Federal Rules of Civil Procedure. Therefore, Defendants' Motion is ripe for both ruling and dismissal.

1

## II.     FACTUAL BACKGROUND

The disciplinary proceeding at the center of this case was initiated on April 3, 2018 when a debtor's attorney filed a grievance against O'Brien. Following this, several of O'Brien's former clients filed grievances against O'Brien alleging that he claimed to represent them in collection matters after their relationship was terminated. (Compl., Doc. No. 1 at PageID 5, ¶ 14, 16, 17). The certified grievance committee of the Columbus Bar Association ("CBA") undertook a confidential investigation. This resulted in a public filing of a formal complaint for multiple violations of the Ohio Rules of Professional Conduct ("Grievance Matter"). (Compl., Doc. No. 1 at PageID 8, ¶ 18). Defendants, as members of the certified grievance committee of the CBA or Bar Counsel for the CBA (Relator's Counsel), prepared the complaint and were responsible for arguing and presenting evidence for the charges against O'Brien. (*Id*. at PageID 9, ¶ 21). Plaintiff began experiencing medical issues and attempted to continue the proceedings with only vague documentation of these medical issues. (*Id.* at PageID 10, ¶ 27 and Ex. 3a, Doc. No. 1-3 at PageID 26-29). Defendants, in their role as Relator's Counsel, opposed O'Briens motion. (Comp., Doc No. 1 at PageID 11, ¶ 29). Their opposition quoted O'Brien's motion for continuance as it was the sole evidence of his medical condition. (*Id*.). Despite these details already being voluntarily published, O'Brien now asserts that this disclosure invaded his privacy and gives rise to claims under U.S.C. §1983, Procedural Due Process, HIPAA and common law.

Defendants filed their Motion To Dismiss Plaintiff's Complaint with Prejudice on April 21, 2025. The basis of the Motion is that Plaintiff's claims are moot now that the disciplinary proceeding has concluded. Further, if Plaintiff's claims survive, Defendants are immune from his claims due to their prosecutorial status. Moreover, Plaintiff cannot establish that the disclosure of

supposedly private information into the record can be considered a constitutional violation upon which relief can be granted.

Defendants' Motion was properly served on Plaintiff in accordance with the Federal Rules of Civil Procedure. Plaintiff failed to timely respond to this Motion and did not file for an extension of time to do so. Since Plaintiff failed to respond to Defendant's Motion to, Defendants' Motion is unopposed and ripe for ruling.

### III. LAW AND ARGUMENT

#### A. Pro-Se Litigants are Held to the Same Standard as Parties Represented by Counsel

It is well established that *pro se* litigants must comply with the same standards as parties represented by counsel, particularly in straightforward procedural requirements. *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). The 6th Circuit has stated that, "where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413 (6th Cir.1996) citing *Jourdan v. Jabe*, 951 F.2d 108.

In this case, Plaintiff is appearing *pro se*. As reiterated in both *Pilgrim* and *Jourdan*, a *pro se* plaintiff does not enjoy any leniency in complying with easily understood deadlines or procedure. As such, *pro se* litigants are required to comply with procedural rules the same as any litigant. The 21-day deadline to respond to a motion to dismiss is quite clear; even lay people can understand this. Plaintiff's failure to respond to Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice is not excused by Plaintiff being *pro se*. Additionally, unlike typical *pro se* litigants, Plaintiff is himself a former attorney. As such, Plaintiff cannot plausibly argue he did not understand the deadline. Therefore, Plaintiff's failure to respond to Defendants' Motion to Dismiss cannot be excused by his position as a *pro se* litigant.

B. <u>Non-Moving Parties Must Respond to a Motion to Dismiss Within 21 Days</u>

Plaintiff was required under the Federal Rules of Civil Procedure to respond to Defendants' Motion to Dismiss within 21 days of filing. The Local Rules of Civil Procedure for the United States District Court for the Southern District of Ohio require non-moving parties to respond to pleadings within 21 days of their filing. S.D. Ohio Civ. Rule 7.2. Beyond the 21 days the party opposing the motion cannot file a memorandum in opposition. *Id*. The court may then grant the motion as filed provided it does not conflict with other procedural rules. *Id*.

In the instant case, Defendants filed their Motion to Dismiss on April 21, 2025, over 21 days prior to the filing of this reply. Plaintiff has not filed any response within this time. Additionally, Plaintiff did not file any request for an extension to respond. Therefore, Defendants' Motion to Dismiss remains unopposed and is ripe for decision. Since there was no response within the required time period, the court may grant Defendants' Motion to Dismiss.

## IV. <u>CONCLUSION</u>

Plaintiff's status as a *pro se* litigant does not exempt him from complying with clear procedural deadlines. Plaintiff did not file a response to Defendants' Motion to Dismiss within the 21-day period and did not ask for an extension. Therefore, because Plaintiff failed to timely reply, Defendants' Motion to Dismiss remains unopposed. Accordingly, for reasons outlined in Defendants' Motion to Dismiss and Reply in Support, Plaintiff's Complaint must be dismissed in full.

Respectfully submitted,

*/s/ Mackenzie Compton*
Mackenzie S. Compton (101573)
Zachary B. Pyers (0083606)
Reminger Co., LPA
200 Civic Center Drive, Suite 800
Columbus, OH 43215
(614) 232-2411; Fax: (614) 232-2410
MCompton@reminger.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing document was submitted for filing and that service of the foregoing document was made via the Court's ECF filing system upon the following on this 22nd day of May 2025

Kevin O'Brien
Kevin O'Brien & Associates, Co., LPA
995 South High Street
Columbus, OH 43206
kevin@ohiolaw1.com
*Plaintiff*

*/s/ Mackenzie S. Compton*
Zachary B. Pyers (0083606)
Mackenzie S. Compton (0101573)