IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KEVIN JOHN O'BRIEN,** : | |
| : | Case No. 2:20-cv-02406 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| **TAD A. HEROLD, et al.,** : | |
| : | |
| : | |
| **Defendants.** : | |

## ORDER

This matter is before this Court on the pending Motion to Correct the Docket (ECF No. 42) and Motion to Dismiss (ECF No. 43). Plaintiff Kevin O'Brien filed his Complaint on May 13, 2020, against Defendants D. Chris Cook, Tad A. Herold, Adolfo A. Tornichio, Bryan Griffith, Russell Jay Kutell, and Kent R. Markus. (ECF No. 1). The Complaint arises under 42 U.S.C. § 1983 and includes allegations claiming violations of Plaintiff's procedural due process rights and unlawful disclosure of nonpublic medical information. (*Id*.). Plaintiff, however, was a respondent in a related disciplinary proceeding before the Ohio Board of Professional Conduct while this case was pending before this Court. (*Id*.). Accordingly, on February 3, 2021, this Court stayed this case pursuant to the *Younger* abstention doctrine pending the resolution of the relevant proceeding. (ECF No. 23). On October 15, 2024, the stay was lifted upon the Defendants' report that the related disciplinary action was dismissed. (ECF No. 32).

On October 24, 2024, Defendants D. Chris Cook, Adolfo A. Tomichio, and Peggy Schmitz[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the claims against Tad A. Herold in his official capacity were automatically substituted to Peggy Schmitz.

("Board Defendants") moved to dismiss Plaintiff's claims against them as moot. (ECF No. 33). Plaintiff did not respond. On January 3, 2025, the Board Defendants and Plaintiff jointly moved to drop the claims and dismiss Board Defendants from this case. (ECF No. 34). This Court granted the joint motion and denied as moot the Board Defendants' pending unopposed motion to dismiss. On April 16, 2025, the Board Defendants moved to correct the docket also to reflect that Defendant Tad A Herold, also a Board Defendant, was dismissed from this action. (ECF No. 42). Plaintiff did not respond.

On April 21, 2024, the remaining defendants, Bryan Griffith, Russell Jay Kutell, Kent R. Markus, moved to dismiss this case. They argued that the claims are moot and that there is no legally plausible claim against them. (ECF No. 43). Plaintiff failed to respond. Where, as here, a plaintiff fails to oppose a defendant's motion to dismiss, the court may treat plaintiff's argument as waived, treat the motion as unopposed, and grant the motion. *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008); *Scott v. State of Tennessee,* 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir.1989) (unpublished table decision). Moreover, a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute. *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013); *see also Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed.R.Civ.P., to enter a *sua sponte* order of dismissal."). This inherent power allows courts to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Generally, when determining whether to dismiss a case for failure to prosecute, courts consider: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was

2

warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Carpenter*, 723 F.3d at 704.

While there is no clear evidence that Plaintiff's recent failure to respond is due to willfulness, bad faith, or fault, it is notable that Plaintiff has not submitted any filings in this case since the stay was lifted on October 15, 2024. Plaintiff's ongoing lack of involvement is despite Defendants' motions to dismiss. (ECF Nos. 33; 43). Indeed, Plaintiff eventually joined in the Board Defendants' motion to dismiss them from this case (ECF No. 34), but only after failing to respond timely to the Board Defendants' initial motion to dismiss his claims as moot. On May 22, 2025, the remaining defendants filed a notice regarding Plaintiff's failure to respond timely and urged this Court to treat the pending motion to dismiss as unopposed and dismiss Plaintiff's complaint in its entirety. (ECF No. 44). Plaintiff again failed to respond. He, however, was not warned that failure to respond would lead to dismissal and Defendants have not argued being prejudiced by Plaintiff's failure to respond. Nonetheless, given the pending motion to dismiss and Plaintiff's apparent failure to prosecute this case, this Court finds it prudent to caution Plaintiff that any further failure to respond will result in this Court treating the pending motions as unopposed and dismissing this case.

Accordingly, Plaintiff is **ORDERED to SHOW CAUSE, in writing and no later than August 15, 2025, why this Court should not: (1) treat the pending motions as unopposed; and (2) dismiss this case for failure to prosecute**. Plaintiff is warned that that failure to respond timely and satisfactorily to this Order will result in a dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Carpenter*, 723 F.3d at 704.

**IT IS SO ORDERED.**

**DATED: July 21, 2025**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE