**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **KEVIN JOHN O'BRIEN,** : | |
| : | Case No. 2:20-cv-02406 |
| **Plaintiff,** : | |
| : | Judge Algenon L. Marbley |
| v. : | Magistrate Judge Elizabeth Preston Deavers |
| : | |
| **TAD A. HEROLD, et al.,** : | |
| : | |
| **Defendants.** : | |

**ORDER**

On July 21, 2025, this Court ordered Plaintiff Kevin John O'Brien to show cause, in writing and no later than August 15, 2025, why this Court should not: (1) treat the pending motions as unopposed; and (2) dismiss this case for failure to prosecute ("Show Cause Order"). (ECF No. 45). Plaintiff did not respond.

As this Court explained in the Show Cause Order, this Court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute. *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013); *see also Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal."). When determining whether to dismiss a case for failure to prosecute, courts consider: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Carpenter*, 723 F.3d at 704.

Before entering the Show Cause Order, this Court made clear that the relevant factors weigh in favor of dismissal. As to the first factor, Plaintiff has not submitted any filings since the stay was lifted on October 15, 2024. While this does not constitute definitive evidence of

willfulness, bad faith, or fault, Plaintiff's continued failure to participate—particularly in light of Defendants' motions to dismiss—is notable. This lack of participation also impacts the second factor: whether Defendants have been prejudiced by Plaintiff's conduct. Courts have recognized that when a plaintiff fails to oppose a motion to dismiss, the court may deem the arguments waived, treat the motion as unopposed, and grant it upon review. *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008); *Scott v. State of Tennessee,* 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir.1989) (unpublished table decision). Here, Defendants' motion remains pending and unopposed, and further delay caused by Plaintiff's inaction would prejudice Defendants.

As to the third and fourth factors, Plaintiff was expressly cautioned that failure to respond timely and satisfactorily to the Show Cause Order would result in dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Carpenter*, 723 F.3d at 704. Plaintiff's response was due on August 15, 2025. As of the date of this Order, Plaintiff has neither responded nor otherwise communicated with the Court. Moreover, some Court orders mailed to Plaintiff have been returned as "undeliverable" and "unable to forward." (ECF Nos. 36, 40, 46). This case cannot proceed in the face of unopposed dispositive motions and a Plaintiff who has failed to respond or otherwise communicate with this Court.

Accordingly, this case is **DISMISSED without prejudice for failure to prosecute**. *See* Fed. R. Civ. P. 41(b); *Carpenter*, 723 F.3d at 704. The pending motions (ECF Nos. 42; 43) are **DENIED as moot**.

IT IS SO ORDERED.

DATED: September 30, 2025

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE